```
                                                                    FILED
                                                                  MAY 1 7 2011
          UNITED STATES DISTRICT COURT                       Clerk, U.S. District & Bankruptcy
          FOR THE DISTRICT OF COLUMBIA                       Courts for the District of Columbia
```

| | |
|---|---|
| Leavon Z. Reeves, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **11 0913** |
| ) | |
| Life Stride Inc. *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff is a District of Columbia resident suing a District of Columbia-based business and two presumed employees for "criminal fraud." Compl. at 1. He seeks $100,000 in "restitution" for alleged violations of his rights under the Fourteenth Amendment, Compl. at 2, but the Fourteenth Amendment does not apply to the District of Columbia or, as plaintiff

suggests, a D.C. contractor. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). In any event, plaintiff faults defendants for allegedly having the District's Department of Mental Health contact him after an individual from the District's Department of Human Services expressed concern about plaintiff to his case manager, defendant Reynaldo Elliott. Plaintiff alleges that Elliott committed "criminal fraud when he informed [Mental Health] that he [was] [plaintiff's] case manager." *Id.* The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because plaintiff and the defendants are located in the District of Columbia. It therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ E/Cw Shuck
United States District Judge

DATE: May 10, 2011